IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JALEN BANKS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:24-CV-134 (MTT) |
| | ) |
| THOMAS BOSWEL, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiffs Jalen Banks and Donavan Sanford move the Court for reconsideration of its Order (Doc. 20) granting the defendants' motion for a protective order preventing the deposition of defendant Thomas Boswell's sixteen-year-old son, Cooper Boswell. Docs. 19; 23.  In its Order granting the motion for a protective order, the Court stated that it "will revisit the protective order issue if necessary."  Doc. 20.

The Federal Rules of Civil Procedure provide that the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26(c)(1).  "The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'"  *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)[1]).

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

In responding to the plaintiffs' motion for reconsideration, the defendants reiterate their prior contention that the plaintiffs seek to depose Cooper Boswell "to harass, intimidate and distress Mr. Boswell in an attempt to disturb his family and force a settlement of this case."  Doc. 23 at 6.  They likewise reiterate that "[r]equiring Cooper to sit for deposition under the [stated] circumstances … would subject him to undue burden, and emotional distress, and is not reasonably calculated to lead to the discovery of admissible evidence not already available through less intrusive means."[2] *Id.*  The defendants maintain that while "Mr. Boswell does not dispute that Cooper has knowledge relevant to the facts and circumstances of the action, … Cooper has no unique insights to offer in this case" due to the availability of video footage and other witnesses.  *Id.* at 5-6.

The defendants have not shown by particular and specific demonstration of fact that a protective order is necessary to protect Thomas Boswell or Cooper Boswell from "annoyance, embarrassment, oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26(c)(1).  While Cooper Bosell has undoubtedly been personally affected by the litigation involving his father, this is not a sufficient factual ground to prevent the plaintiffs from taking his deposition.  Nor is the availability of other witnesses to the interactions between Thomas Boswell and the plaintiffs.  Accordingly, the plaintiffs' motion for reconsideration (Doc. 23) is **GRANTED**.  Upon reconsideration, the

---

[2] In the defendants' motion for a protective order, the defendants averred the following:

> Cooper Boswell has endured emotional distress due to the constant gossiping among his peers and the statements of Plaintiffs regarding his father and this lawsuit, being conveyed through third parties. His distress has been compounded by his mother moving to Florida and no longer playing an active daily role in his life.

Doc. 19 at 3.

-3-

defendants' motion for a protective order (Doc. 19) is **DENIED**.  Should the defendants deem limitations regarding Cooper Boswell's deposition necessary, the parties shall confer to reach an agreement before moving the Court to determine the same.

**SO ORDERED**, this 27th day of May, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
